DAVIDOFF HUTCHER & CITRON, LLP
*Attorneys for Anthony J. Bartolomeo*
120 Bloomingdale Road
White Plains, New York 10605
(914) 381-7400
rlr@dhclegal.com
ROBERT L. RATTET, ESQ.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                              :    Chapter 7
                                                         Case No. 19-12294 (SCC)
ANTHONY J. BARTOLOMEO,                              :

                                        Debtor.    :
-------------------------------------------------------------x
CHARLES DeGENNARO III,                             :

                                      Plaintiff.   :    Chapter 7
                                                         Adv. Proc. No. 19-01370 (SCC)
                    - against -                     :
                                                   :
ANTHONY J. BARTOLOMEO,                              :

                                   Defendant.   :
-------------------------------------------------------------x

## MONIQUE ABRAMS' RESPONSES TO THE SUBPOENA OF PLAINTIFF CHARLES DEGENNARO III FOR PRODUCTION OF DOCUMENTS ATTACHED TO SUBPOENA

Monique Abrams, as holder of a power of attorney from Anthony J. Bartolomeo and individually, through her attorneys and the attorney for Anthony J. Bartolomeo Davidoff Hutcher & Citron LLP hereby serve this response to the Subpoena for Production of Documents (the "Request") propounded by Charles DeGennaro ("DeGennaro" or the "Debtor") in the above-captioned adversary proceeding as follows:

## GENERAL OBJECTIONS

A.      Abrams objects generally to each and every Request to the extent that any Request seeks documents or responses that are subject to the attorney-client privilege, work-product doctrine, or any other privilege available under applicable law. Inadvertent production shall not constitute a waiver of any privilege or any other ground for objection to discovery with respect to such information or documents, nor shall inadvertent production waive Bartolomeo's or Abrams' right to object to the use of any such information or documents in any proceeding.

B.      Abrams objects to each and every Request to the extent that a response would require Abrams to make an unreasonable and unnecessary investigation.

C.      Abrams objects to each and every Request to the extent such Request is vague, ambiguous, overbroad and/or burdensome.

D.      Abrams objects to each and every Request to the extent such Request seeks information which is not relevant to the subject matter of this contested matter nor reasonably calculated to lead to the discovery of evidence which will be admissible at trial.

E.      Abrams objects to each and every Request to the extent such Request seeks information or documents not in the possession, custody or control of Abrams and not reasonably obtainable by Abrams.

F.      Abrams objects to each and every Request to the extent such Request seeks information that should already be in the possession of DeGennaro.

G.      Abrams objects to each and every Request to the extent such Request unreasonably requests information that is equally ascertainable by DeGennaro.

H.      Abrams objects to each and every Request to the extent such Request seeks production of exact duplicates of the same document.

I.      Abrams objects to each and every Request to the extent such Request seeks the production of exact duplicates of the same document.

J.      Abrams objects to each and every Request to the extent such Request seeks an admission of law.

K.      Abrams objects to the instruction and definitions to the extent they seek to impose upon Bartolomeo obligations greater than those required by applicable Federal Rules and Bankruptcy Rules.

L.      Abrams objects to any Request to the extent that it relates to any claim, or further the prosecution of claims by parties other than that were or could have been asserted by Deborah Piazza, Chapter 7 Trustee (the "Trustee") against Bartolomeo, RX Electric, Inc., its officers, shareholders, employees and agents ("RX Electric"), Michael Liguori, William Giannousis, Hudson Associates of NY LLC, officers, shareholders, employees and agents ("Hudson Associates"), Riomar Associates LLC ("Riomar"), Monique Abrams, Dean Valencic,  Lisa Bartolomeo and/or Alyssa Bartolomeo. Those claims were owned by the Trustee and settled on behalf of the Estate under the Bankruptcy Court on July 14, 2021, Under the Order Approving Settlement Agreement Pursuant to Bankruptcy Rule 9019 and Section 363 of the Bankruptcy Code for Approval of Settlement Agreement and Granting Related Relief, Main Case ECF Docket No. 104 (the "Settlement Order"). See, e.g. In re Keene Corp., 164 B.R. 844, 850 (Bankr. S.D.N.Y. 1994) ("*Colonial Realty* forecloses creditor claims based upon the fraudulent transfer of Keene's assets.[6] Where a Keene creditor seeks to recover his or her claim from a transferee of Keene's property, the creditor's action is stayed by Section 362(a)(1). Instead, the trustee alone has standing to assert such claims, 11 U.S.C. § 544, and this result promotes the principle of equitable

distribution."); In re Madoff, 848 F. Supp. 2d 469 (S.D.N.Y. 2012), aff'd sub nom. In re Bernard

L. Madoff Inv. Sec. LLC, 740 F.3d 81 (2d Cir. 2014):

>A Bankruptcy Court's power to enjoin litigation by creditors against third parties extends to situations where "creditors ... assert general, indirect claims in order to achieve a greater distribution on a first come, first serve basis from assets which the trustee has standing to recover, and which, if recovered, will be available to satisfy the claims of all creditors." *In re Keene Corp.,* 164 B.R. 844, 854 (Bankr.S.D.N.Y.1994)"); ("However, a bankruptcy court may enjoin actions that are derivative or duplicative of claims brought by the trustee, or that could have been brought by the trustee in the first instance. *See Dreier,* 429 B.R. at 133–34 ("[T]he Court has the jurisdiction ... to bar general creditors ... from recovering their claims ... where their claims are based on the debtors' misconduct, and there is no independent basis for an action against [a third party defendant] other than its receipt of the transfers from [the debtor].") (suggesting that an amended Bar Order describing a permanent injunction be "limited to derivative claims"); *see also* Bar Order at 3, *In re Dreier,* Case No. 08–15051 (Bankr.S.D.N.Y. June 8, 2010), ECF No. 610 (approving subsequent Bar Order but exempting from release any claim or cause of action by a creditor claimant that "(1) is not derivative of Claims or Causes of Action that constitute property of ... [the] estate; (2) seeks to recover for a particularized injury to the Creditor Claimant that is distinct from any general injury suffered by all creditors of [the debtor]; and (3) is based upon the breach of an independent legal duty owed by a ... Releasee to the Creditor Claimant"), *aff'd, In re Dreier LLP,* Nos. 10 Civ. 4758 & 5669, 2010 WL 3835179, at *5 (S.D.N.Y. Sept. 10, 2010); *Mrs. Weinberg's,* 278 B.R. at 365 (holding that, in approving a settlement, a bankruptcy court "may enjoin creditors from prosecuting the settled claims derivatively in another court" (citing *In re Ionosphere Clubs, Inc.,* 17 F.3d 600, 604 (2d Cir.1994)) (liquidation proceeding))….

>With regard to permanent injunctions of creditor suits against a third party issued in connection with a settlement agreement between the third party and the trustee, a bankruptcy court generally may not enjoin creditor claims against the third party when those claims are independent and "personal to the creditor." *See In re Mrs. Weinberg's Kosher Foods, Inc.,* 278 B.R. 358, 365–66 (Bankr.S.D.N.Y.2002) (citing *In re Energy Coop., Inc.,* 886 F.2d 921, 930 (7th Cir.1989)); *see generally In re Metromedia Fiber Network, Inc.,* 416 F.3d 136, 141–43 (2d Cir.2005) (a nonconsensual release of non-debtor claims by the bankruptcy court "should not be approved absent the finding that truly unusual circumstances render the release terms important to success of the plan"). However, a bankruptcy court may enjoin actions that are derivative or duplicative of claims brought by the trustee, or that could have been brought by the trustee in the first instance. *See Dreier,* 429 B.R. at 133–34 ("[T]he Court has the jurisdiction ... to bar general creditors ... from recovering their claims ... where their claims are based on the debtors' misconduct, and there is no

independent basis for an action against [a third party defendant] other than its
receipt of the transfers from [the debtor].")

In re Madoff, 848 F. Supp. 2d 469, 487, 488 (S.D.N.Y. 2012), aff'd sub nom.
In re Bernard L. Madoff Inv. Sec. LLC, 740 F.3d 81 (2d Cir. 2014)

M.    Anthony Bartolomeo suffered a major coronary incident on or about August 28,
2021. He was hospitalized in the Cardiac Care Unit of Lawrence Hospital, then at rehabilitation at
Sprain Brook Manor Rehabilitation, and since January, 2022 has been at home. He is awake and
cognizant for limited times during the day. He has limited communicative abilities, and limited
recall of significant events in his business and personal life.  He is unable to materially assist
Abrams in preparing responses to document requests or answers at any deposition.

N.    The general objections stated herein are incorporated by reference into each
response herein, as if fully set forth below, whether or not expressly stated. No such objection is
waived by answering any particular request in whole or in part. Any response provided herein is
subject to and limited by all general objections.

O.    Insofar as any of the Requests seek information to which the foregoing general
objections apply, the specification of, or failure to note, a particular general objection is not a
waiver of it or other general objections with respect to any of the Requests.

P.    Abrams' investigation is ongoing and these responses may be modified or
supplemented from time to time as discovery continues pursuant to Federal Rule 26(e) and
Fed.R.Bankr.P. Rule 7026.

Q.    Abrams' responses to the Requests do not constitute admissions that the facts are
as stated or assumed or suggested in Requests or the accompanying definitions and instructions.

## DOCUMENT REQUESTS

1. Any and all documents concerning the Debtor's business transactions and financial affairs concerning Innovative Services and RX Electric during the Discovery Period.

RESPONSE:  This request is objected to by Abrams on the basis of the General Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX are probable targets of actions by Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main Case ECF Docket No. 104. In addition, Abrams was never involved with Innovative Services.

2. Any and all documents concerning amounts paid by RX Electric to Abrams or Hudson Associates or Riomar during the Discovery Period.

RESPONSE: This request is objected to by Abrams on the basis of the General Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX are probable targets of actions by Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main Case ECF Docket No. 104.

3. Any and all documents concerning RX Electric's payment or transfers to third parties to or for the benefit of Abrams or Hudson Associates or Riomar, or to a designee of Abrams or Hudson Associates or Riomar, during the Discovery Period.

RESPONSE: This request is objected to by Abrams on the basis of the General Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX are probable targets of actions by Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main Case ECF Docket No. 104. Further, Abrams no longer regularly employed by RX and has no control over RX's affairs.

4. Any and all documents concerning RX Electric's payment or guarantee of any of Abrams's or Hudson Associates' or Riomar's obligations.

RESPONSE:  Abrams is not in possession or such documents. This request is further objected to by Abrams on the basis of the General Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX are probable targets of actions by Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main Case ECF Docket No. 104. Further, Abrams no longer regularly employed by RX and has no control over RX's affairs.

5. Any and all documents concerning Abrams' discharge of duties or responsibilities as either an officer, shareholder or director of RX Electric.

RESPONSE: This request is vague and does not lend itself to response by production of documents. In any event Abrams states that she is unaware of any such documents. This request is further objected to by Abrams on the basis of the General Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX are probable targets of actions by

Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main Case ECF Docket No. 104.

6. Any and all documents concerning Abrams' discharge of duties or responsibilities as either a member, manager or owner of Hudson Associates.

RESPONSE: This request is vague and does not lend itself to response by production of documents. In any event Abrams states that she is unaware of any such documents. This request is further objected to by Abrams on the basis of the General Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX are probable targets of actions by Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main Case ECF Docket No. 104.

7. Any and all documents concerning Abrams' power or authority to make decisions on the part or behalf of Bartolomeo, including but not limited to powers of attorney.

RESPONSE: Attached, in response to Request No. 7, is a copy of a Power of Attorney executed September 3, 2014.

8. All bank statements concerning any account of Bartolomeo that Abrams has an interest in or control over, including any account of Bartolomeo that Abrams has power of attorney over.

RESPONSE: This request is vague and does not lend itself to response by production of documents. In any event Abrams states that she is unaware of any such documents. This request is further objected to by Abrams on the basis of the General Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX are probable targets of actions by

Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main Case ECF Docket No. 104.

9. All documents concerning the purchase and financing of the Florida Property, including but not limited to credit and/or mortgage applications, down payments, approvals, and co-obligors.

RESPONSE: This request is vague and does not lend itself to response by production of documents. In any event Abrams states that she is unaware of any such documents. This request is further objected to by Abrams on the basis of the General Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX are probable targets of actions by Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main Case ECF Docket No. 104.

10. All documents concerning the financing, maintenance and upkeep of the Florida Property, including mortgage payments, homeowners association or condo fees, property taxes.

RESPONSE: This request is vague and does not lend itself to response by production of documents. In any event Abrams states that she is unaware of any such documents. This request is further objected to by Abrams on the basis of the General Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX are probable targets of actions by Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main Case ECF Docket No. 104.

11. All documents concerning transfers, loans, advances or payments made by Abrams, directly or indirectly, to or for the benefit of Bartolomeo during the Discovery Period, including but not limited to bank statements, canceled checks, wire transfer confirmations, electronic payments, ACH transfers, and credit card statements.

RESPONSE: This request is vague and does not lend itself to response by production of documents. In any event Abrams states that she is unaware of any such documents. This request is further objected to by Abrams on the basis of the General Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX are probable targets of actions by Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main Case ECF Docket No. 104.

12. All documents concerning transfers, loans, advances or payments made by Hudson Associates, to or for the benefit of Bartolomeo during the Discovery Period, including but not limited to bank statements, canceled checks, wire transfer confirmations, electronic payments, ACH transfers, and credit card statements.

RESPONSE: This request is vague and does not lend itself to response by production of documents. In any event Abrams states that she is unaware of any such documents. This request is further objected to by Abrams on the basis of the General Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX are probable targets of actions by Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main Case ECF Docket No. 104.

13. All documents concerning the formation, organization, capitalization, ownership management and operation of Riomar.

RESPONSE: This request is objected to by Abrams on the basis of the General Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX are probable targets of actions by Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main Case ECF Docket No. 104.

14. All bank statements and financial accounts owned by Riomar during the Discovery Period.

RESPONSE: This request is objected to by Abrams on the basis of the General Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX are probable targets of actions by Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main Case ECF Docket No. 104.

15. All documents concerning the formation, organization, capitalization, ownership management and operation of Hudson Associates.

RESPONSE: This request is objected to by Abrams on the basis of the General Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX are probable targets of actions by Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions

under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main

Case ECF Docket No. 104.

16. All bank statements and financial accounts owned by Hudson Associates during the

Discovery Period.

RESPONSE: This request is objected to by Abrams on the basis of the General

Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX

are probable targets of actions by Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's

Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions

under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main

Case ECF Docket No. 104.

17. All documents concerning any capital contribution or other payments made by

Bartolomeo to or for the benefit of Riomar, Abrams, or Hudson associates during the Period,

including but not limited to including but not limited to bank statements, canceled checks, wire

transfer confirmations, electronic payments and/or ACH transfers, and credit card statements.

RESPONSE: This request is objected to by Abrams on the basis of the General

Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX

are probable targets of actions by Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's

Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions

under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main

Case ECF Docket No. 104.

18. Redacted copies of documents evidencing Abrams' retention of Robert Rattet, James Glucksman and/or Davidoff Hutcher & Citron LLP as her attorneys in this or any other matter concerning Bartolomeo, Hudson Associates or RX Electric.

RESPONSE: These documents are the subject of the attorney-client privilege and will not, absent a Court order be produced.

19. Redacted copies of documents evidencing Hudson Associates retention of Robert Rattet, James Glucksman and/or Davidoff Hutcher & Citron LLP as her attorneys in this or any other matter concerning Bartolomeo, Hudson Associates or RX Electric.

RESPONSE: These documents are the subject of the attorney-client privilege and will not, absent a Court order be produced.

20. All documents concerning transfers, made from Bartolomeo, directly or indirectly (i.e. through a nominee or person or entity at his direction or under his control) to Abrams, Hudson Associates or Riomar.

RESPONSE: This request is objected to by Abrams on the basis of the General Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX are probable targets of actions by Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main Case ECF Docket No. 104.

21. All documents concerning transfers, made from Hudson Associates, directly or indirectly (i.e. through a nominee or person or entity at his direction or under his control) to Bartolomeo or Riomar (each directly or indirectly).

RESPONSE: This request is objected to by Abrams on the basis of the General Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX are probable targets of actions by Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main Case ECF Docket No. 104.

22. All documents concerning transfers, made from Abrams, directly or indirectly (i.e. through a nominee or person or entity at his direction or under his control) to Bartolomeo or to for the benefit of Bartolomeo including but not limited to the payment of any debt or obligation of Bartolomeo.

RESPONSE: This request is objected to by Abrams on the basis of the General Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX are probable targets of actions by Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main Case ECF Docket No. 104.

23. All documents concerning Abrams' involvement or personal knowledge of the finances, operations or business affairs of RX Electric, Integrated Electronic, or Innovative Services.

RESPONSE: This request is objected to by Abrams on the basis of the General Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX are probable targets of actions by Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's

Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions

under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main

Case ECF Docket No. 104. In addition, Abrams was never involved with Integrated Electronics,

or Innovative Services.

24. All documents concerning the Debtor's employment by RX Electric, including the

terms and conditions of employment, compensations, benefits, agreements, correspondence,

memoranda and emails/text messages.

RESPONSE: This request is objected to by Abrams on the basis of the General

Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX

are probable targets of actions by Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's

Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions

under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main

Case ECF Docket No. 104.

25. All documents concerning consulting services the Bartolomeo has rendered to

Hudson Associates, including invoices, 1099 forms, and documents concerning the nature and

scope of services.

RESPONSE: This request is objected to by Abrams on the basis of the General

Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX

are probable targets of actions by Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's

Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions

under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main

Case ECF Docket No. 104.

26. All documents concerning consulting services the Bartolomeo has rendered to Riomar, including invoices, I 099 forms, and documents concerning the nature and scope of services.

RESPONSE: This request is objected to by Abrams on the basis of the General Objections, in particular General Objections L & M, as she, Riomar, Hudson Associates and RX are probable targets of actions by Plaintiff. Further, Abrams, as holder of Anthony Bartolomeo's Power of Attorney, asserts the right of Mr. Bartolomeo to be released from any such actions under the Settlement Agreement "so ordered" by the Bankruptcy Court on July 14, 2021, Main Case ECF Docket No. 104.

Dated: White Plains, New York
     April 14, 2022

> DAVIDOFF HUTCHER & CITRON, LLP
> Attorneys for Anthony Bartolomeo
> 202 Mamaroneck Avenue
> White Plains, New York 10601
> (914) 381-7400
>
> /s/ James B. Glucksman
> By_____
>     JAMES B. GLUCKSMAN

*Monique Abrams*
MONIQUE ABRAMS

TO:

    Steven A. Soulios
    Ruta Soulios & Stratis LLP
    211 East 43rd Street, 24th Floor
    New York, New York 10017
    (212) 997-4500

N.Y. Statutory Short Form Power of Attorney
Eff. 9-12-10

# POWER OF ATTORNEY NEW YORK
## STATUTORY SHORT FORM

### (a) CAUTION TO THE PRINCIPAL:

Your Power of Attorney is an important document. As the "principal", you give the person whom you choose (your "agent") authority to spend your money and sell or dispose of your property during your lifetime without telling you. You do not lose your authority to act even though you have given your agent similar authority.

When your agent exercises this authority, he or she must act according to any instructions you have provided or, where there are no specific instructions, in your best interest. "Important Information for the Agent" at the end of this document describes your agent's responsibilities.

Your agent can act on your behalf only after signing the Power of Attorney before a notary public.

You can request information from your agent at any time. If you are revoking a prior Power of Attorney by executing this Power of Attorney, you should provide written notice of the revocation to your prior agent(s) and to the financial institutions where your accounts are located.

You can revoke or terminate your Power of Attorney at any time for any reason as long as you are of sound mind. If you are no longer of sound mind, a court can remove an agent for acting improperly.

Your agent cannot make health care decisions for you. You may execute a "Health Care Proxy" to do this.

The law governing Powers of Attorney is contained in the New York General Obligations Law, Article 5, Title 15. This law is available at a law library, or online through the New York State Senate or Assembly websites, www.senate.state.ny.us or www.assembly.state.ny.us.

If there is anything about this document that you do not understand, you should ask a lawyer of your own choosing to explain it to you.

### (b) DESIGNATION OF AGENT(S):

I, ANTHONY J. BARTOLOMEO, residing at 2500 Johnson Avenue, Apt. 19H, Riverdale, New York, hereby appoint: MONIQUE R. ABRAMS, residing at 2500 Johnson Avenue, Apt. 19H, Riverdale, New York, as my agent(s).

If you designate more than one agent above, they must act together unless you initial the statement below.

(     )        My agents may act **SEPARATELY.**

N.Y. Statutory Short Form Power of Attorney
Eff. 9-12-10

(c) **DESIGNATION OF SUCCESSOR AGENT(S): (OPTIONAL)**

If any agent designated above is unable or unwilling to serve, I appoint as my successor agent(s): <u>ALYSSA BARTOLOMEO</u>, residing at 73 Sulgrave Road, Scarsdale, New York.

Successor agents designated above must act together unless you initial the statement below.

(     )     My successor agents may act **SEPARATELY.**

**You may provide for specific succession rules in this section.   Insert specific succession provisions here:**
NONE
_____
_____
_____

(d) This **POWER OF ATTORNEY** shall not be affected by my subsequent incapacity unless I have stated otherwise below, under "Modifications".

(e) This **POWER OF ATTORNEY** does not revoke any Powers of Attorney previously executed by me unless I have stated otherwise below, under "Modifications".

If you do not intend to revoke your prior Powers of Attorney, and if you have granted the same authority in this Power of Attorney, as you granted to another agent in a prior Power of Attorney, each agent can act separately unless you indicate under "Modifications" that the agents with the same authority are to act together.

(f) **GRANT OF AUTHORITY:**

To grant your agent some or all of the authority below, either:
(1) initial the bracket at each authority you grant; or
(2) write or type the letters for each authority you grant on the blank line at (P), and initial the bracket at (P).  If you initial (P), you do not need to initial the other lines.

I grant authority to my agent(s) with respect to the following subjects as defined in Section 5-1502A through 5-1502N of the New York General Obligations Law:

(     )     (A)     real estate transactions;
(     )     (B)     chattel and goods transactions;
(     )     (C)     bond, share, and commodity transactions;
(     )     (D)     banking transactions;
(     )     (E)     business operating transactions;
(     )     (F)     insurance transactions;
(     )     (G)     estate transactions;
(     )     (H)     claims and litigation;
(     )     (I)     personal and family maintenance. If you grant your agent this authority, it will allow the agent to make gifts that you customarily have made to

N.Y. Statutory Short Form Power of Attorney
Eff. 9-12-10

individuals, including the agent, and charitable organizations. The total amount of all such gifts in any one calendar year cannot exceed five hundred dollars.

(   )   (J)   benefits from governmental programs or civil or military service;

(   )   (K)   health care billing and payment matters; records, reports, and statements;

(   )   (L)   retirement benefit transactions;

(   )   (M)   tax matters;

(   )   (N)   all other matters;

(   )   (O)   full and unqualified authority to my agent(s) to delegate any or all of the foregoing powers to any person or persons whom my agent(s) select;

( AA )   (P)   EACH of the matters identified by the following letters <u>A, B, C, D, E, F, G, H, I, J, K, L, M, N and O.</u>

You need not initial the other lines if you initial line (P).

### (g) <u>MODIFICATIONS:</u> (OPTIONAL)

In this section, you may make additional provisions, including language to limit or supplement authority granted to your agent. However, you cannot use this Modification section to grant your agent authority to make major gifts or changes to interests in your property. If you wish to grant your agent such authority, you **MUST** complete the Statutory Gifts Rider.

<u>NONE</u>
_____
_____
_____

### (h) <u>CERTAIN GIFTS TRANSACTIONS: STATUTORY GIFTS RIDER:</u> (OPTIONAL):

In order to authorize your agent to make gifts in excess of an annual total of $500 for all gifts described in (I) of the grant of authority section of this document (under personal and family maintenance), you must initial the statement below and execute a Statutory Gifts Rider at the same time as this instrument. Initialing the statement below by itself does not authorize your agent to make gifts. The preparation of the Statutory Major Gifts Rider should be supervised by a lawyer.

(   )   ( SGR )   I grant my agent authority to make gifts in accordance with the terms and conditions of the Statutory Gifts Rider that supplements this Power of Attorney.

### (i) <u>DESIGNATION OF MONITOR(S):</u> (OPTIONAL)

I wish to designate <u>NO ONE</u>, as monitor. Upon the request of the monitor(s), my agent(s) must provide the monitor(s) with a copy of the power of attorney and a record of all transactions done or made on my behalf. Third parties holding records of such transactions shall provide the records to the monitor(s) upon request.

- 3 -

N.Y. Statutory Short Form Power of Attorney
Eff. 9-12-10

(j) **COMPENSATION OF AGENT(S):** **(OPTIONAL)**

Your agent is entitled to be reimbursed from your assets for reasonable expenses incurred on your behalf. If you ALSO wish your agent(s) to be compensated from your assets for services rendered on your behalf, initial the statement below. If you wish to define "reasonable compensation", you may do so above, under "Modifications".

(    )    My agent(s) shall be entitled to reasonable compensation for services rendered.

(k) **ACCEPTANCE BY THIRD PARTIES**:

I agree to indemnify the third party for any claims that may arise against the third party because of reliance on this Power of Attorney. I understand that any termination of this Power of Attorney, whether the result of my revocation of the Power of Attorney or otherwise, is not effective as to a third party until the third party has actual notice or knowledge of the termination.

(l) **TERMINATION**:

This Power of Attorney continues until I revoke it or it is terminated by my death or other event described in Section 5-1511 of the General Obligations Law. Section 5-1511 of the General Obligations Law describes the manner in which you may revoke your Power of Attorney, and the events which terminate the Power of Attorney.

(m) **SIGNATURE AND ACKNOWLEDGMENT**:

**IN WITNESS WHEREOF,** I have hereunto signed my name on September 3, 2014.

PRINCIPAL signs here:  =>  _____
                                    **ANTHONY J. BARTOLOMEO**

STATE OF NEW YORK          )
                                         ) ss.:
COUNTY OF WESTCHESTER   )

On the 3rd day of September, in the year 2014, before me, the undersigned, personally appeared **ANTHONY J. BARTOLOMEO**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
SIGNATURE AND OFFICE OF INDIVIDUAL TAKING
ACKNOWLEDGMENT

JAMES A. SORESSI
Notary Public, State of New York
No. 02SO4892171
Qualified in Queens County
Commission Expires April 13, 20__

- 4 -

N.Y. Statutory Short Form Power of Attorney
Eff. 9-12-10

### (n) **IMPORTANT INFORMATION FOR THE AGENT**:

When you accept the authority granted under this Power of Attorney, a special legal relationship is created between you and the principal. This relationship imposes on you legal responsibilities that continue until you resign or the Power of Attorney is terminated or revoked. You must:

1. act according to any instructions from the principal, or, where there are no instructions, in the principal's best interest;
2. avoid conflicts that would impair your ability to act in the principal's best interest;
3. keep the principal's property separate and distinct from any assets you own or control, unless otherwise permitted by law;
4. keep a record of all receipts, payments, and transactions conducted for the principal; and
5. disclose your identity as an agent whenever you act for the principal by writing or printing the principal's name and signing your own name as "agent" in either of the following manners:   (Principal's Name) by (Your Signature) as Agent, or (Your Signature) as Agent for (Principal's Name).

**You may not use the principal's assets to benefit yourself or give major gifts to yourself or anyone else unless the principal has specifically granted you that authority in his Power of Attorney or in a Statutory Gifts Rider attached to this Power of Attorney. If you have that authority, you must act according to any instructions of the principal, or, where there are no such instructions, in the principal's best interest. You may resign by giving written notice to the principal and to any co-agent, successor agent, monitor, if one has been named in this document, or the principal's guardian, if one has been appointed. If there is anything about this document or your responsibilities that you do not understand, you should seek legal advise.**

Liability of Agent:

The meaning of the authority given to you is defined in New York's General Obligations Law, Article 5, Title 15. If it is found that you have violated the law or acted outside the authority granted to you in the Power of Attorney, you may be liable under the law for your violation.

### (o) **AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APPOINTMENT**:

It is not required that the principal and the agent(s) sign at the same time, nor that multiple agents sign at the same time.

I, **MONIQUE R. ABRAMS,** have read the foregoing Power of Attorney. I am the person identified therein as agent for the principal named therein. I acknowledge my legal responsibilities.

AGENT signs here: => *Monique Abrams*

MONIQUE R. ABRAMS

N.Y. Statutory Short Form Power of Attorney
Eff. 9-12-10

STATE OF NEW YORK )
) ss.:
COUNTY OF WESTCHESTER )

On the 3rd day of September, in the year 2014, before me, the undersigned, personally appeared **MONIQUE R. ABRAMS,** personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

JAMES A. SORESSI
Notary Public, State of New York
No. 02SO4892171
Qualified in Queens County
Commission Expires April 13, 20__

SIGNATURE AND OFFICE OF INDIVIDUAL TAKING ACKNOWLEDGMENT

(p) **SUCCESSOR AGENT'S SIGNATURE AND ACKNOWLEDGMENT OF APOINTMENT:**

It is not required that the principal and the successor agent(s), if any, sign at the same time, nor that multiple successor agents sign at the same time. Furthermore, successor agents can not use this Power of Attorney unless the agent(s) designated above is/are unable or unwilling to serve.

I, <u>ALYSSA BARTOLOMEO,</u> have read the foregoing Power of Attorney. I am the person identified therein as agent for the principal named therein.

Successor Agent sign here: => _____

**ALYSSA BARTOLOMEO**

STATE OF NEW YORK )
) ss.:
COUNTY OF WESTCHESTER )

On the ___ day of _____, in the year 20___, before me, the undersigned, personally appeared <u>ALYSSA BARTOLOMEO,</u> personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
SIGNATURE AND OFFICE OF INDIVIDUAL TAKING ACKNOWLEDGMENT

- 6 -

N.Y. Statutory Short Form Power of Attorney
Eff. 9-12-10

## AFFIDAVIT

## POWER OF ATTORNEY

STATE OF             )
                          ) SS.:

COUNTY OF          )

_____, being duly sworn, deposes and says as follows:

      1.     This Affidavit is made in connection with the (transfer) (mortgage) of property known as _____, in _____, New York, to _____.

      2.     I am (the)(an) agent named in the Power of Attorney (hereafter "Power of Attorney") made by _____, as principal (the "Principal"), dated _____.

      3.     I do not have actual notice that the Power of Attorney has been modified in any way that would affect my ability to authorize or engage in the present transaction for which the Power of Attorney is being used, or notice of any facts indicating that the Power of Attorney has been so modified.

      4.     I do not have actual notice of the termination or revocation of the Power of Attorney, or notice of any facts indicating that the Power of Attorney has been terminated or revoked, and the Power of Attorney remains in full force and effect.

      5.     If the Principal has been my spouse, we are not divorced and our marriage has not been annulled.

      6.     If I am a successor agent, the prior agent is no longer able or willing to serve.

_____

Sworn to before me this _____ day

of _____, 2014.

_____
Notary Public

*Note: If multiple agents are appointed, an affidavit is to be executed by each agent.*