KORSINSKY & KLEIN, LLP
Michael Korsinsky
2926 Avenue L
Brooklyn, NY 11210
Tel: 212-495-8133
Fax: 212-419-3893
Email: *mk@kklawfirm.com*
*Attorneys for Creditor CRESCENT ELECTRIC SUPPLY COMPANY, INC. OF NEW YORK*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT NEW YORK
_____

In re:

ANTHONY J. BARTOLOMEO,

        Debtor.
_____

CHARLES DeGENNARO III,

        Plaintiff,

  v.

ANTHONY J. BARTOLOMEO,
        Defendant.
_____

HEARING DATE:
November 17, 2022 @ 10:00 a.m.

Chapter 7

Case No. 19-12294 (LGB)

Adv. Pro. No. 19-01370 (LGB)

**OBJECTION OF CRESCENT ELECTRIC SUPPLY COMPANY, INC. OF NEW YORK
TO APPROVAL OF SETTLEMENT AGREEMENT**

MICHAEL KORSINSKY declares under the penalties of perjury as follows:

    1. I am a member of the Bar of the State of New York and of this Court. I am an attorney for Creditor Crescent Electric Supply Company, Inc. of New York (the "Creditor").

    2. I make this Declaration in Opposition to the Motion for approval of the proposed Settlement Agreement proposed by the Debtor.

3. As the Court is well aware the Creditor has also commenced a non-dischargeability adversary proceeding against the Debtor (Adv. Pr. No. 19-01328-lgb) and has also filed a Proof of Claim.

4. The Debtor has filed its motion in this Adversary Proceeding and in the Main Bankruptcy Proceeding claiming it wishes to put "all parties with a conceivable interest" on notice of the proposed settlement.

5. Creditor objects to the proposed settlement on several grounds:

6. First, Creditor objects to the proposed settlement which contains broad releases concerning the Debtor, Innovative Electrical Services, LLC, Monique Abrams, and various other individuals and entities.

7. Creditor objects to the settlement affecting any claims it may have against the Debtor or any of these individuals and entities.

8. As has been alleged by Creditor in its own Adversary Proceeding against the Debtor Adv. Pr. No. 19-01328-lgb, and in other proceedings, the Debtor engaged in fraudulent activities, including fraudulently diverting funds. The settlement agreement should not preclude the Creditor from pursuing any of its claims against any individuals and/or entities to recover those assets.

9. Thus, putting "all parties with a conceivable interest" on notice should not affect the Creditor in any way.

10. Second, it appears that the proposed settlement agreement also releases all counterclaims asserted by the Debtor against the Defendant DeGennaro. However, these appear to be significant and valuable counterclaims which recovery would yield assets to the Debtor's estate. These funds could be used to pay the Creditor's claim which is the subject of the aforementioned pending non-dischargeability adversary proceeding.

11. However, the Debtor does not have the ability to agree to withdraw his counterclaims. As the Court is aware, Debtor's counsel has asserted that the Debtor is currently incapacitated. Moreover, Debtor's counsel has also asserted that Debtor cannot proceed to defend himself in the Creditor's non-dischargeability action.

12. The proposed settlement is not signed by the Debtor but by Monique Abrams, his alleged attorney in fact. As a fiduciary to the Debtor Ms. Abrams would not be able to agree to the settlement discontinuing and releasing the valuable counterclaims that the principal has been prosecuting unless she has all information available to her to determine the merits of the counterclaims. In fact, the authority may be limited both in the Power of Attorney document as well as the law. The agent is a fiduciary and shall observe the standard of care that would be observed by a prudent person dealing with the property of another and duties are set forth under GOL § 5-1505. Courts have required to consider the intent of the principal and whether the actions done under the power of attorney done for the benefit of the principal. This standard was recently confirmed by the New York Second Department, Appellete Division in *Matter of Tuzzolino*, 208 A.D.3d 664, 2022 N.Y. App. Div. LEXIS 4832 (N.Y. App. Div. 2d Dep't 2022)(Viewing the evidence in the light most favorable to the objectant, with all reasonable inferences resolved in her favor, the affidavits submitted by the objectant in opposition to petitioner's motion for summary judgment raised triable issues of fact as to whether the transfer of the premises to the objectant was intended by the decedent and was for the decedent's benefit).

13. Based on her execution of the proposed settlement agreement, it would appear that Ms. Abrams has access to the Debtor's books and records and books and records, including financial records, concerning the various entities mentioned in the counterclaims and proposed settlement agreement.

14. However, Debtor's counsel's prior representations concerning the inability to proceed in the Creditor's adversary proceeding seem to contradict that Ms. Abrams would have any documents and/or information which can be used to defend the Creditor's adversary proceeding and respond to discovery requests and be deposed concerning the documents and information.

15. Accordingly, it appears that Ms. Abram's cannot in fact make a proper decision on whether to release the Debtor's valuable counterclaims and deprive the creditors of funds to pay claims, including the Creditor's claim which will be proven to be non-dischargeable.

16. Thus, the Court should not approve the proposed settlement since it appears that the Debtor's attorney in fact's does not have information to base its decision to release valuable counterclaims to the detriment of the Debtor and creditors.

17. In the alternative, Ms. Abrams should disclose what documents and information she has reviewed in making this decision as a fiduciary of the Creditor.

18. Accordingly, the Plaintiff respectfully requests that the Court deny the motion.

Dated: Brooklyn, New York
       November 10, 2022

                                                                 */s/ Michael Korsinsky*
                                                                 Michael Korsinsky